AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | | |
|---|---|---|
| United States of America<br>v.<br>Breyon D. Richardson<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 18-38M<br>SEALED (crossed out)<br>Unsealed 3/8/18 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __1/14/2018__ in the county of __New Castle__ in the _____ District of __Delaware__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:
See attached affidavit, incorporated by reference.

☑ Continued on the attached sheet.

_____
*Complainant's signature*
Special Agent Chelsea Polack, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __03/05/2018__

_____
*Judge's signature*

City and state: __Wilmington, Delaware__ Hon. Sherry R. Fallon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT AND ARREST WARRANT

I, Chelsea Polack, being duly sworn, assert that the following information is true to the best of my knowledge, information, and belief:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "ATF") and have been so employed since December of 2016. I am currently assigned to the Wilmington, Delaware, Field Office within the Baltimore Field Division. I have a Bachelor's degree in Criminal Justice with a minor in Criminology from Rutgers University. I am a graduate of the Federal Law Enforcement Training Center's Basic Criminal Investigator Training Program and ATF's Special Agent Basic Training Program. As part of my duties, responsibilities and training, and in the course of my investigative experience, I have become familiar with the statutes, rules, regulations, policies, and procedures relating to the ATF, including but not limited to, the possession of firearms by prohibited persons and other laws enforced by the ATF. As a Federal Agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States.

2. Your Affiant has experience investigating crimes, including firearms cases, through the use of technology such as cellular telephone location information. In my experience and based on my training, people involved in criminal activity such as illegal purchases of firearms often use cellular telephones to coordinate such purchases.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that BREYON DEEDEE RICHARDSON ("RICHARDSON") violated Title 18, United States Code, Section 922(g)(1), which prohibits a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year from knowingly possessing a firearm in and affecting interstate commerce. RICHARDSON is a former ATF defendant who was convicted and sentenced for violating Title 18, United States Code, Section 922(g)(8) in 2016 in the District of Delaware (Case Number 16-64-GMS). RICHARDSON is still on Federal probation and being monitored by the United States Probation Office, District of Delaware.

## FACTS SUPPORTING PROBABLE CAUSE

5. On January 5, 2018, NIJA ARNOLD ("ARNOLD") purchased a Ruger LCP, .380 caliber pistol, bearing serial number 372-074132, from Cabela's, a Federal Firearms Licensee ("FFL"), located in the County of New Castle, State of Delaware, within the United States District of Delaware.

6. On February 16, 2018, ARNOLD made two failed attempts to purchase an AR-15 variant rifle. The first failed attempt took place at Cabela's in New Castle, Delaware. The second failed attempt took place at X-Ring Supply LLC ("X-Ring"), also an FFL located in the District of Delaware. X-Ring contacted the ATF, which began its investigation.

7. On February 16, 2018, and pursuant to ATF's investigation, a query of publicly available social media pages confirmed that ARNOLD and RICHARDSON were involved in a romantic relationship. These social media pages included photographs of both ARNOLD and RICHARDSON. After reviewing surveillance footage from Cabela's, a male that looked like RICHARDSON met ARNOLD at Cabela's and showed her multiple firearms. This male then left Cabela's while ARNOLD tried to purchase an AR-15 variant rifle. ARNOLD appeared to be

talking on her cellular telephone while she attempted to purchase the rifle. Cabela's store employees ultimately denied the sale of an AR-15 variant rifle to ARNOLD, explaining that ARNOLD could repeatedly be heard asking the person on the other end of the telephone what she was supposed to purchase.

8. On February 22, 2018, Magistrate Judge Sherry R. Fallon of the District of Delaware authorized the search of ARNOLD'S iPhone. Your affiant and other members of the ATF executed that search warrant the same day.

9. While examining ARNOLD'S iPhone, a videos revealed ARNOLD and what appeared to be a young man in a hooded sweatshirt shooting a handgun in lane nine (9) at a firearms range. This video was geotagged with the location of Ommelanden Hunter Education and Training Center ("Ommelanden"), a firearms range within the County of New Castle. Moreover, according to the video's metadata, it was recorded utilizing ARNOLD's iPhone's camera at 10:50 AM on January 14, 2018.

10. On February 28, 2018, your affiant and other ATF agents responded to Ommelanden to review range liability forms and the range logbook for January 14, 2018. Upon review of the range liability forms, two (2) names were signed in a similar fashion on lines seven (7) and eight (8). The name on line 8 appears to read NIJA ARNOLD. The preceding name on line 7 is illegible, though the form indicated to both print and sign in two separate columns.

11. Upon review of the range logbook, RICHARDSON'S and ARNOLD'S names were clearly visible on Page 8 for the date of January 14, 2018. The range logbook showed that RICHARDSON and ARNOLD were assigned lane nine (9) and were firing a .380 caliber firearm. The logbook reflected the fact that RICHARDSON and ARNOLD checked in at 1040 hours and checked out at 1110 hours.

12. From my training and experience, your affiant knows that the purchased firearm contains the frame of a firearm and that the firearm appeared to be capable of expelling a projectile by the action of an explosive. Therefore, the firearm is a firearm under federal law.

13. From conversations with interstate nexus experts, your affiant knows that the above mentioned firearm was manufactured in a state or country other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of this firearm in Delaware would have affected interstate commerce.

14. On November 7, 2016, RICHARDSON pled guilty in the Delaware District Court to one count of being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(8) (Case Number 16-64-GMS), which carries a possible term of imprisonment exceeding one year. On March 2, 2017, Judge Gregory M. Sleet of the District of Delaware sentenced RICHARDSON to three years of supervised release. Less than one year later, on January 14, 2018, and while on supervised release, RICHARDSON fired a handgun at a firing range in New Castle County, Delaware.

## CONCLUSION

15. Therefore, there is probable cause to believe that BREYON DEEDEE RICHARDSON violated Title 18, United States Code, Section 922(g)(1), which prohibits a person who was previously convicted of a crime punishable by imprisonment for a term

exceeding one year from knowingly possessing a firearm in and affecting interstate commerce, and respectfully requests that the Court issue a Criminal Complaint charging that offense.

Respectfully submitted,

Chelsea Polack
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Subscribed and sworn to before me

on this 5th day of March, 2018

_____
HONORABLE SHERRY R. FALLON
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF DELAWARE

5